IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEFFERY MARTIN LOWERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-025 |
| | ) | (Formerly CR 112-186) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

**I. BACKGROUND**

    **A. Indictment**

On June 6, 2012, the grand jury in the Southern District of Georgia charged Petitioner with one count of possession of a firearm by a convicted felon and one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Lowery, CR 112-186, doc. no. 1 (S.D. Ga. June 6, 2012) ("CR 112-186"). The Court appointed attorney F. Adam Nelson to represent him. (Id., doc. nos. 5, 9.)

    **B. Change of Plea**

On August 16, 2012, Petitioner pled guilty to the two-count indictment without a plea

agreement before United States District Judge Dudley H. Bowen, Jr. (Id., doc. nos. 25-27.) During the change of plea hearing, Judge Bowen established Petitioner's competence to enter a guilty plea if he so desired. (Id., doc. no. 44 ("Rule 11 Tr."), pp. 4-11.) Petitioner testified under oath that he was taking medication for hiccups and anxiety, but clearly understood why he was at the hearing and that the medicine did not affect his comprehension in any way. (Id. at 7.) Petitioner also testified under oath that he was satisfied with the services rendered by Mr. Nelson. (Id. at 11.)

Judge Bowen reviewed the charges and the maximum statutory penalties. (Id. at 15.) Judge Bowen stated that it had yet to be determined whether Petitioner was an armed career criminal and were he determined to fall into that category, his statutory maximum penalty of ten years in prison could rise to a statutory minimum of fifteen years. (Id.) When asked, Petitioner confirmed that he understood the possible penalties. (Id. at 15-16.)

Judge Bowen also explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed that he clearly understood those rights. (Id. at 16-18.) Among the rights explained, Judge Bowen reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. (Id.) Petitioner also affirmed that no one had forced or pressured him to plead guilty, or made him any promises to induce him to plead guilty. (Id. at18.) Nor had anyone promised, predicted, or prophesied that Petitioner would receive a specific sentence. (Id.)

Next, Judge Bowen heard a factual basis for Petitioner's guilty plea from Special Agent Tyra Cunningham with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. (Id. at 19-21, 23.) SA Cunningham testified that Richmond County Sheriff's deputies stopped a vehicle driven by Petitioner on May 2, 2012, he fled on foot, and a search of his person and vehicle after

2

apprehension produced four rounds of ammunition and a Taurus Model 44 .44-caliber revolver. (Id.) The ammunition was manufactured in Idaho and the gun was manufactured in Brazil, thus showing both items affected interstate commerce. (Id.) SA Cunningham also testified that Petitioner had six prior felonies related to the sale or possession of a narcotic including convictions for possession of marijuana in 2000, possession of cocaine in 2000, possession of cocaine in 2010, and three sales of cocaine in 2010 all charged in the same indictment. (Id. at 20-21.)

Petitioner affirmed that the testimony of SA Cunningham was factually correct as to his possession of the firearm and ammunition identified in the indictment. (Id. at 22, 26.) Petitioner clarified that his only dispute with the statement of facts was that his felony convictions for three sales of cocaine in 2010 were all part of one single case and that he only fled due to his probation and the proximity of his house. (Id. at 21-23.) However, Petitioner did not dispute that he (1) possessed the firearm and ammunition and (2) had been convicted of three prior felonies at the time of his arrest. (Id. at 20-22.) Petitioner also told Judge Bowen he was guilty of, and wanted to plead guilty to, the two-count indictment. (Id. at 25, 26.)

Judge Bowen then summarized the proceedings as follows:

> [Petitioner] has acknowledged his guilt, he's aware of the maximum potential penalty, he's aware of his rights at trial, he knows the penalties as I've already said, [and] has with full knowledge of the consequences, elected to plead guilty on a sound factual basis. I will allow the plea to be entered in writing albeit without a plea agreement.

(Id. at 26-27.)

### C. Sentencing

The United States Probation Office then prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 34, Criminal History Category at VI, and

3

an advisory Sentencing Guidelines range for imprisonment of 262-327 months, which was later reduced to 188-235 months. (PSI ¶¶ 21, 72; USSG § 5A. sent. tabl. (2012).) Petitioner objected to his classification as an armed career criminal under 18 U.S.C. 924(e) and to the finding that he did not affirmatively accept responsibility for his actions. (See PSI Addendum; CR 111-182, doc. no.43, ("Sent. Tr."), p. 7.) Petitioner also objected to the possible use of police reports as a source of information in the PSI. (See PSI Addendum; Sent. Tr., p. 23.)

At sentencing, Judge Bowen overruled Petitioner's objections to the application of the armed career criminal enhancement and the use of police reports in the PSI but modified the PSI to include Petitioner's acceptance of responsibility. (Sent. Tr., p. 42-44.) Accordingly, Petitioner's Offense Level was reduced to 31, and the guideline range was reduced to 188-235 months with a minimum statutory penalty of fifteen years. (Id. at 44.) Judge Bowen also heard from defense counsel, who presented mitigating evidence. (Id. at 5-9.) Petitioner's brother, fiancé, and mother spoke on Petitioner's behalf, and Mr. Nelson attributed Petitioner' past crimes to his drug problems. (Id. at 41-44, 45-48.)

On February 27, 2013, Judge Bowen imposed a sentence of 180 months imprisonment, five years of supervised release, and a fine of $2500. (Id. at 53-56; CR 112-186, doc. no. 34.) Judge Bowen also informed Petitioner that he had a right to appeal his sentence within fourteen days. (Id., doc. no. 44, p. 56.) Judgment was entered two days later, on March 1, 2013. (Id., doc. no. 34.)

### D. Subsequent Proceedings

Petitioner did not file an appeal but did timely file this § 2255 motion. (Id., doc. no. 39.) In his § 2255 motion, Petitioner raises two grounds for relief:

(1) Descamps v. United States, 133 S. Ct. 2276 (2013) makes the armed career criminal classification no longer applicable to Petitioner.

4

> (2) Alleyne v. United States, 133 S. Ct. 2151 (2013) requires that his armed career criminal enhancement be submitted to a jury.

(Doc. no. 3, pp. 2-4.)

Respondent contends that (1) Petitioner's claim under Descamps is procedurally barred because Petitioner failed to raise it on direct appeal, but even if it were not barred, it is without merit; and (2) Alleyne does not apply to prior convictions and does not apply retroactively to cases on collateral review. (Doc. no. 5, pp. 4-9.)

## II. DISCUSSION

### A. There Is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004). Because Petitioner's claims are procedurally barred, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

5

### B. Petitioner's Claims Alleging Error under Descamps and Alleyne Are Procedurally Defaulted.

A prisoner seeking collateral relief must clear "a significantly higher hurdle than would exist on direct appeal." Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013) (quoting United States v. Frady, 456 U.S. 152, 166 (1982)). Generally, where a petitioner seeks collateral relief based on trial errors to which no contemporaneous objection was made at trial or on direct appeal, "it will be procedurally barred in a § 2255 challenge." Frady, 456 U.S. at 167-68; United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

Failure to raise a claim on direct appeal constitutes a default and to overcome a procedural bar, Petitioner must show both (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors of which he complains. Brown, 720 F.3d at 1333 (citation omitted). "Cause" requires a showing of some external impediment preventing counsel or Petitioner from raising the claim previously. See Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1995) (citing McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To demonstrate prejudice, Petitioner "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." Frady, 456 U.S. at 170.

In the alternative, "[t]he merits of a procedurally defaulted claim may be reached, in very narrowly defined circumstances, if failure to address the claim would result in a 'fundamental

miscarriage of justice.'" Berry v. United States, 468 F. App'x 924, 925 (11th Cir. 2012). A fundamental miscarriage of justice has occurred where "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). Actual innocence "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." McQuiggin v. Perkins, 133 S.Ct. 1924, 1933 (2013) (internal quotations omitted) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see also McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).

Here, Petitioner has not established lack of availability, cause, actual prejudice, or actual innocence. Petitioner's claims challenging his armed career criminal enhancement were available on appeal, and indeed, Petitioner objected to the classification at sentencing. Therefore, his claims were "available" on direct appeal. See Mills, 36 F.3d at 1055. Accordingly, the claims are not cognizable unless Petitioner can overcome the procedural bar by establishing cause and prejudice or by showing actual innocence. See Brown, 720 F.3d at 1333; McKay, 657 F.3d at 1196.

Second, Petitioner has not alleged any cause as to his failure to assert these claims on direct appeal. Petitioner cursorily asserts that Descamps "cannot be used as a direct appeal issue." (Doc. no. 6, p. 2.) However, this statement is unsupported by Eleventh Circuit precedent, and Petitioner was free to object to his classification as an armed career criminal on appeal. United States v. Johnson, 570 F. App'x 852, 857 (11th Cir. 2014) (addressing an objection to defendant's armed career criminal classification on direct appeal). Petitioner provides no other explanation, much less good cause, for why he failed to properly appeal the classification to which he now objects. The mere fact that Alleyne and Descamps were decided

7

after Petitioner chose to forego an appeal does not constitute cause for failing to challenge the enhancement on appeal. See McCoy v. United States, 266 F.3d 1245, 1259 (11th Cir. 2001) (holding that the apparent futility of argument did not constitute cause excusing a procedural default).

Third, Petitioner cannot demonstrate actual prejudice based on his classification as an armed career criminal. Frady, 456 U.S. at 170. As discussed *infra* § C.1, the Court properly found that Petitioner had committed three prior serious drug offenses under the definition of the Armed Career Criminal Act ("ACCA"). It was also proper for the Court to consider Petitioner's prior convictions when enhancing his sentence rather than having it submitted to the jury as discussed *infra* § C.2. Thus, Petitioner cannot show that his classification under the ACCA worked to his actual and substantial advantage because he was properly classified under the statute.

Finally, with respect to the actual innocence exception, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses to which he pled guilty such that no reasonable juror would have convicted him. McQuiggin, 133 S.Ct. at 1933. On the contrary, Plaintiff's own testimony at the change of plea hearing proves that he did, in fact, commit the crimes to which he pled guilty. (See Rule 11 Tr., p. 22.) Accordingly, Petitioner has failed to overcome the procedural bar for his claims that Judge Bowen erred by classifying him as an armed career criminal.

### C. Even If Petitioner's Claims Were Not Procedurally Barred, Descamps and Alleyne Do Not Provide a Basis for Relief.

Even if Petitioner's claims were not procedurally barred, his assertion that he was improperly designated an armed career criminal under 18 U.S.C. § 924(e) is without merit. Citing Alleyne and Descamps, Plaintiff contends that his prior convictions for the sale of cocaine

do not qualify as predicate offenses to enhance his sentence under § 924(e), and that the facts of his prior convictions used to enhance his sentence should have been submitted to a jury. For the reasons explained below, these two cases do not afford Petitioner the relief he seeks.

### 1. Descamps v. United States

Petitioner was classified as an armed career criminal under the ACCA due to three convictions for the sale of cocaine in 2010. (See PSI Addendum; Sent. Tr., p. 42.) The ACCA contains two categories of predicate offenses, violent felonies and serious drug offenses, and none of the convictions used to classify Petitioner for the enhancement were violent felonies under the ACCA. See 18 U.S.C. § 924(e). Descamps addressed how Courts determine whether a prior crime qualifies as one of the ACCA's enumerated violent felonies but did not address the definition of serious drug offenses. 133 S. Ct. at 2293. Here, Petitioner is misguided in his citation of Descamps as support for his position that he is not an armed career criminal under the statute. "Descamps did not change the definition of serious drug offenses under the ACCA." United States v. Johnson, 570 F. App'x 852, 857 (11th Cir. 2014).[1] Because Petitioner was not classified with any offense under the violent felony portion of the statute, Descamps is not applicable to Petitioner and does not provide a basis for relief.

Furthermore, Petitioner's prior convictions for the sale of cocaine properly qualify as "serious drug offenses." The ACCA's definition of "serious drug offense" includes: "an offense under State law, involving . . . distributing . . . a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of

---

[1] Petitioner has also filed a document titled "Judicial Notice" requesting the Court to take notice of a recent Fifth Circuit decision in Sarmientos v. Holder, 742 F.3d 624, 627 (5th Cir. 2014). (Doc. no. 7.) This decision is irrelevant to Petitioner's § 2255 motion because it addresses the definition of a drug trafficking crime under 18 U.S.C. § 924(c).

9

imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Petitioner's three Georgia convictions fit the § 924(e) definition because: (1) they were state law crimes, (2) selling is a form of distributing, (3) cocaine is a controlled substance, and (4) they were punishable by up to thirty years. (See doc. no. 5-1, pp. 3-4, 8; O.C.G.A. § 16-13-30(b), (c); Johnson, 570 F. App'x at 857 (finding that an almost identical Florida statute prohibiting sale of cocaine satisfies the ACCA definition of serious drug offense)).

In sum, Descamps[2] is inapplicable to Petitioner, and the Court properly found Petitioner to have three serious drug offenses under the ACCA. As a result, Petitioner's arguments under Descamps do not provide a basis for relief.

### 2. **Alleyne v. United States**

The Supreme Court held in Alleyne that "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163. However, the rule announced in Alleyne does not apply retroactively on collateral review. See Chester v. Warden, 552 F. App'x 887, 891 (11th Cir. 2014) ("Alleyne's rule does not apply retroactively on collateral review."); Starks v. Warden, FCC Coleman-USP I, 552 F. App'x 869, 872 (11th Cir. 2013) (same). Petitioner's argument that Alleyne is a new watershed rule that is retroactively applicable on collateral review is blatantly contradicted by current Eleventh Circuit precedent. (See doc. no. 6, p. 3.) Thus, Alleyne does not apply and fails to provide a basis for Petitioner's claim that the

---

[2] Multiple courts within the Eleventh Circuit have refused to apply Descamps on collateral review. Aikens v. United States, CV 514-156, 2014 WL 3611258, at *1 (N.D. Fla. July 22, 2014) (collecting cases); Murphy v. United States., CV 213-08051, 2014 WL 1388403, at *5 (N.D. Ala. Apr. 9, 2014); Strickland v. English, CV 513-248, 2013 WL 4502302, at *8 (N.D. Fla. Aug. 22, 2013). Because the Court has determined that Descamps does not apply to Petitioner's prior offenses and that they were properly determined to be serious drug offenses, the Court need not reach the issue of whether Descamps should apply retroactively in all cases on collateral review.

facts of his prior drug convictions should have been submitted to a jury before Judge Bowen determined he qualified for a § 924(e) enhancement.

Further, Petitioner's prior convictions were not required to be submitted to a jury under <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998). In that case, the Supreme Court held that a prior conviction is not a fact that must be alleged in the indictment or found by a jury beyond a reasonable doubt. <u>Almendarez-Torres</u>, 523 U.S. at 239-247. <u>Alleyne</u> did not disturb the exception set out for prior convictions in <u>Almendarez-Torres</u>. <u>Alleyne</u>, 133 S. Ct. at 2160 n. 1; <u>United States v. Rivas</u>, 555 F. App'x 895, 897 (11th Cir. 2014). Thus, <u>Alleyne</u> is inapplicable to Petitioner's enhancement as an armed career criminal and does not serve as a basis for relief.

In sum, <u>Alleyne</u> does not apply retroactively on collateral review, and thus, Petitioner cannot assert its holding as a basis for relief in this § 2255 petition. Furthermore, <u>Alleyne</u> does not apply to the use of prior convictions and is inapplicable to Petitioner's enhancement for his three prior sales of cocaine.

### D.     Petitioner Cannot Assert Proposed Legislation as a Basis for Relief

Petitioner also references "current upcoming laws that will effect [his] case." (Doc. no. 3, p. 3.) These laws include the Smarter Sentencing Act, the Justice Safety Valve Act, an "Automatic 2 point reduction across the board," and the Recidivism Reduction and Public Safety Act of 2013. (<u>Id.</u>) Congress has not passed those bills. <u>See</u> Smarter Sentencing Act of 2013, H.R. 3383, 113th Cong. (2013); Justice Safety Valve Act of 2013, H.R. 1695, 113th Cong. (2013); Recidivism Reduction and Public Safety Act of 2013, S. 1675, 113th Cong. (2013). As these bills are simply proposed legislation and are not in effect, they have no bearing or effect on Petitioner's § 2255 petition. Petitioner also cannot circumvent the timing and successiveness requirements of the Antiterrorism and Effective Death Penalty Act by asserting unripe claims

now. Bouttry v. United States, 2012 WL 2153940 (S. D. Ga. Apr. 30, 2012). Accordingly, the proposed legislation cited by Petitioner does not provide a basis for relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 10th day of February, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA